**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STEPHEN BARBER, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| FIRSTSOURCE ADVANTAGE, LLC, | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.      This is an action for damages brought by Plaintiff, Stephen Barber ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.      Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.      Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6.      Plaintiff, Stephen Barber ("Plaintiff"), is a natural person residing in the State of Texas, County of Nueces, and City of Corpus Christi.

7.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3)

8.      Defendant, Firstsource Advantage, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.      Plaintiff, via his counsel, sent correspondence dated December 30, 2011 to Defendant, and in such correspondence, notified Defendant that he was represented by counsel

2

and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiff, telephonic or otherwise.

15.     Defendant received Plaintiff's notice of representation letter on January 5, 2012 at 11:11 A.M.

16.     Despite having received Plaintiff's notice of representation and demand to cease and desist direct communication, Defendant's agent and/or employee "Kathy" placed a telephone call to Plaintiff at his place of employment on March 26, 2012 at 12:45 P.M. in connection with the collection of an alleged debt.

17.     Plaintiff's counsel did not fail to respond to any communications from Defendant within a reasonable period of time.

18.     At no time did Plaintiff's counsel provide Defendant with consent to directly communicate with Plaintiff.

19.     In connection with the collection of an alleged debt in default, Defendant placed a telephone call to Plaintiff's parents' residence on April 3, 2012 at 6:30 P.M.

20.     Defendant did not have the express permission of a court of competent jurisdiction to communicate with Plaintiff or Plaintiff's parents.

21.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)

22.     Plaintiff repeats and re-alleges each and every allegation contained above.

23.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff is represented by counsel.

3

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(b)

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effectuate a post-judgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(c)

26.     Plaintiff repeats and re-alleges each and every allegation contained above.

27.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all direct communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d

28.     Plaintiff repeats and re-alleges each and every allegation contained above.

29.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, where Defendant had knowledge that Plaintiff was represented by counsel, had Plaintiff's counsel's contact information, but instead contacted Plaintiff and Plaintiff's parents without justification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

5

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30.   Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted,


By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
SD Texas State Bar# 1045205
Dkurz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:     (888) 595-9111
Facsimile:     (866) 565-1327

*Attorney for Plaintiff*
STEPHEN BARBER